IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| POCONO SCHOOL OF EXCELLENCE | : | BANKRUPTCY NO.: 5-03-56118 |
| DEBTOR | : | |
| ROBERT P. SHEILS, JR., CHAPTER 7 TRUSTEE, | : | |
| MOVANT/PLAINTIFF | : | |
| vs. | : | {**Nature of Proceeding**: Trustee's Motion for Reconsideration of Court Order Dated April 27, 2004 for Turnover of Funds} |
| POCONO MOUNTAIN SCHOOL DISTRICT and POCONO MOUNTAIN SCHOOL BOARD, | : | |
| RESPONDENTS/DEFENDANTS | : | ADVERSARY NO.: 5-04-50018A |

# OPINION[1]

On May 7, 2004, Robert P. Sheils, Jr., Chapter 7 Trustee, filed a Motion for Reconsideration of this Court's earlier Order dated April 27, 2004 which granted judgment in favor of the Trustee and against the Defendants in a total amount of $217.16 on the Trustee's underlying Complaint for Turnover of Funds. The Trustee has filed a Memorandum in Support of the Motion for Reconsideration and the Respondents have filed a Motion to Dismiss the request for reconsideration, which was denied by a

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\wp8docs\Opinions\PoconoSchool.wpd]

contemporaneous Order of this Court.

When confronted with a Motion for Reconsideration, this Court finds the following in *In re Fidelity State Bank*, 130 B.R. 578 (D.Kan. 1991):

> A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan. 1990); *Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 677 (D.Kan. 1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration Committee*, 121 F.R.D. 69, 71 (N.D.Ill. 1988). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia*, 732 F.Supp. 1116, 1117 (D.Kan. 1990); *Butler v. Sentry Insurance*, 640 F. Supp. 806, 812 (N.D.Ill. 1986).

Additionally, "A Rule 59(e) motion is available to correct a broad range of alleged errors, including a 'relitigat[ion] [of] the original issue,' *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) or a correction of 'judicial errors,' otherwise confined to appeals. *Campfire Shop*, 71 B.R. at 524." *In Re Tuan Tan Dinh*, 90 B.R. 742 (Bankr. E.D.Pa. 1988) *citing* at page 745, *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988), and *In Re Campfire Shop, Inc.*, 71 B.R. 521, 523-24 (Bankr. E.D.Pa. 1987).

The Court has examined the arguments advanced by the Trustee in both the Motion for Reconsideration and the Memorandum in Support and finds that neither raises arguments, theories, or evidence, which were not available at the time of the earlier

hearing. Keeping in mind that motions for reconsideration do not provide a venue for a litigant to rehash earlier arguments and presentation of evidence, this Court is compelled to deny the instant Motion for Reconsideration.

An Order will follow.

Date: June 21, 2004

_____
John J. Thomas, Bankruptcy Judge    (CMS)

*This electronic opinion is signed and filed on the same date.*